FILED

2009 OCT 26  PM 2: 04

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF
LOS ANGELES

BY _____

1  Brent H. Blakely (SBN 157292)
   bblakely@blakelylawgroup.com
2  Cindy Chan (SBN 247495)
   cchan@blakelylawgroup.com
3  BLAKELY LAW GROUP
   915 North Citrus Avenue
4  Hollywood, California 90038
   Telephone: (323) 464-7400
5  Facsimile: (323) 464-7410

6  *Attorneys for Plaintiff*
7  *Chrome Hearts, LLC*

8          **UNITED STATES DISTRICT COURT**

9          **CENTRAL DISTRICT OF CALIFORNIA**

10

11  CHROME HEARTS, LLC, a Delaware       ) CASE NO. CV09-7780 AHM (AJWx)
    Limited Liability Company,           )
12                                       ) **COMPLAINT FOR DAMAGES:**
                     Plaintiff,          )
13                                       ) 1.  **TRADEMARK**
          vs.                            )     **INFRINGEMENT**
14                                       )     (15 U.S.C. §1114);
    AFFLICTION, INC., a California        )
    Corporation; and DOES 1-10, inclusive,) 2. **FALSE DESIGNATIONS OF**
15                                       )     **ORIGIN AND FALSE**
                     Defendants.         )     **DESCRIPTIONS**
16                                       )     (15 U.S.C. § 1125(a))
17                                       )
                                         ) 3.  **TRADE DRESS**
18                                       )     **INFRINGEMENT**
                                         )     (15 U.S.C. § 1125(a))
19                                       )
                                         ) 4.  **TRADEMARK DILUTION**
20                                       )     (15 U.S.C. §1125(c));
                                         )
21                                       ) 5.  **TRADEMARK DILUTION**
                                         )     **UNDER CALIFORNIA LAW**
22                                       )     (Cal. Bus. & Prof. Code § 14247)
                                         )
23                                       ) 6.  **COPYRIGHT INFRINGEMENT**
                                         )     (17 U.S.C. 501)
24                                       )
                                         ) 7.  **COMMON LAW UNFAIR**
25                                       )     **COMPETITION**;
                                         )
26                                       ) 8.  **BREACH OF CONTRACT**
27
28                                          JURY TRIAL DEMANDED

1
**COMPLAINT FOR DAMAGES**

1    Plaintiff Chrome Hearts, LLC for its claims against Defendant Affliction, Inc.

2  respectfully alleges as follows:

3  <u>**JURISDICTION AND VENUE**</u>

4    1.    Plaintiff filed this action against Defendant for copyright infringement

5  under 17 U.S.C. § 101, et seq. as well as trademark and trade dress infringement, and

6  trademark dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq.

7  (the "Lanham Act") and related claims of unfair competition and trademark dilution

8  under the statutory and common law of the State of California.  This Court has subject

9  matter jurisdiction over the Federal trademark counterfeiting and infringement and

10  trademark dilution claims under 28 U.S.C. §§1121(a), 1331, 1338(a) and 1367.

11    2.    This Court has personal jurisdiction over Defendant because Defendant is

12  a corporation organized and existing under the laws of the state of California and

13  conducts business within the state of California.

14    3.    This action arises out of wrongful acts, including advertising, offering for

15  sale, selling and distributing products by Defendant within this judicial district.  Venue

16  is proper in this district pursuant to 28 U.S.C. §1391 because the claims asserted arise

17  in this district.

18  <u>**THE PARTIES**</u>

19    4.    Plaintiff Chrome Hearts, LLC is a limited liability company organized

20  and existing under the laws of the state of Delaware, with an office and principal place

21  of business at 915 North Mansfield Avenue, Los Angeles, California 90038.

22    5.    Upon information and belief, Defendant Affliction, Inc. is a corporation

23  organized and existing under the laws of the state of California with a place of business

24  at 7811 Melrose Avenue, Los Angeles, California 90046.

25    6.    Plaintiff is unaware of the names and true capacities of Defendant,

26  whether individual, corporate and/or partnership entities, named herein as DOES 1

27  through 10, inclusive, and therefore sues them by their fictitious names.  Plaintiff will

28  seek leave to amend this complaint when their true names and capacities are

1  ascertained. Plaintiff is informed and believes and based thereon alleges that said

2  Defendant and DOES 1 through 10, inclusive, are in some manner responsible for the

3  wrongs alleged herein, and that at all times referenced each was the agent and servant

4  of the other Defendant and was acting within the course and scope of said agency and

5  employment.

6    7.    Plaintiff is informed and believe, and based thereon allege, that at all

7  relevant times herein, Defendant and DOES 1 through 10, inclusive, knew or

8  reasonably should have known of the acts and behavior alleged herein and the damages

9  caused thereby, and by their inaction ratified and encouraged such acts and behavior.

10  Plaintiff further alleges that Defendant and DOES 1 through 10, inclusive, have a non-

11  delegable duty to prevent or cause such acts and the behavior described herein, which

12  duty Defendant and DOES 1 though 10, inclusive, failed and/or refused to perform.

13  **NATURE OF ACTION**

14    8.    Plaintiff seeks injunctive relief, damages and a declaratory judgment

15  based upon Defendant's unfair competition with Plaintiff arising from Defendant's

16  willful infringement and dilution of Plaintiff's trademarks and copyrights. Defendant's

17  willful infringement has impacted both upon Plaintiff's rights directly as well as

18  Plaintiff's ability to maintain consumer satisfaction. In this regard, it is noteworthy

19  that most, if not all, of the infringing items below were presented in a confusingly

20  deceptive manner.

21  **ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

22  **A.    Chrome Hearts' Family of Trademarks, Logos, and Designs**

23    9.    Plaintiff Chrome Hearts, LLC ("Chrome Hearts") has been designing,

24  manufacturing, and selling artistically styled leather goods, apparel, jewelry, and

25  accessories since 1999.

26    10.    Their products and/or packaging all prominently bear the trademark

27  CHROME HEARTS.

28

11.    Chrome Hearts sells a wide variety of quality artistic products, including leather pants, leather jackets, leather vests, sterling silver jewelry, including necklaces, bracelets, rings and wallet chains, belt buckles and a wide collection of other products, including its recent line of custom, one-of-a-kind furniture.

12.    Chrome Hearts pioneered the idea of combining the look of rugged motorcycle looking apparel with fashion attire to make fashion apparel and accessories. All of Chrome Hearts' leather products are adorned with sterling silver hardware, including all of the buttons and ornamental pieces. Chrome Hearts further pioneered the look of suede inlay designs in connection with leather clothing. Once thought of as only a look for outlaw motorcyclists, Chrome Hearts has created a fashion niche that is now coveted in the upper most fashion circles.

13.    Entertainers, such as Cher, Billy Idol, Aerosmith, Lenny Kravitz, Guns N' Roses, Seal, Madonna, Keith Richards, Danny Glover, Sting, Gloria Estefan, Christy Turlington, Naomi Campbell and Sharon Stone can all be seen in Chrome Hearts' fashions. Chrome Hearts products are sold in the exclusive CHROME HEARTS stores throughout the world and in select specialty stores, such as Browns of London and the United Arrows and Intellectual Galleries boutiques in Japan.

14.    In 1993, the Council of Fashion Designers of America ("CFDA") presented Plaintiff Chrome Hearts with an unsolicited award as designer of the year for its innovated accessories and jewelry designs.

15.    All Chrome Hearts products are hand made in Los Angeles by Chrome Hearts' craftsmen.   The level of expert workmanship exercised by these individuals is superior and conforms with the strict standards established by Chrome Hearts.

16.    Works designed by Chrome Hearts have been praised and recognized in numerous articles appearing in both trade publications and publications directed to the general public around the world, including articles in the United States, Germany, Japan and France. These articles have acclaimed the high artistry, fashion and style of Chrome Hearts' designs and the uniqueness of the designs.

17.    Since 1991, Chrome Hearts' products have generated sales at retail of over Three Hundred Fifty Million Dollars ($350,000,000).

18.    Chrome Hearts is the owner of the word/mark "Chrome Hearts" and various composite trademarks comprising the Chrome Hearts mark and assorted design components (hereinafter collectively the "Chrome Hearts Marks").

19.    Amongst the Chrome Hearts Marks, the CH Plus Mark (which include but are not limited to U.S. Trademark Reg. Nos. 3,365,408; 3,385,449; and 3,388, 911) is the most well recognized and serves as an instant source identifier for Chrome Hearts' products.  Attached hereto and incorporated herein as **Exhibit 1** are true and correct copies of the trademark registration certificates for the CH Plus Mark.

20.    The CH Plus Mark is also registered with the U.S. Copyright Office (U.S. Copyright Reg. No. VA 705-233).  Attached hereto and incorporated herein as **Exhibit 2** is a true and correct copy of the copyright registration certificate for the CH Plus Mark.

21.    Many of Chrome Hearts' products, including leather goods and handbags, prominently display the CH Plus Mark.

22.    The Chrome Hearts Marks have come to identify, in the United States and throughout the world, high quality leather fashions, jewelry and accessories designed and manufactured by Chrome Hearts.

**B.    Defendant's Infringing Conduct**

23.    This lawsuit concerns infringement upon the CH Plus Mark by Defendant. Defendant, with one product or more, violated Plaintiff's rights in and to the CH Plus Mark.

24.    Upon information and belief, Defendant Affliction, Inc. ("Affliction") is a company engaged in the business of manufacturing, producing, selling, advertising, and marketing apparel, including t-shirts, jackets, and hats.

25.    In or around March 2009, Chrome Hearts discovered that Affliction had been distributing and selling headwear bearing marks confusingly similar to the CH Plus Mark.

26.    In or around April 2009, prior to the filing of a lawsuit, Chrome Hearts and Affliction entered into a settlement agreement in which Affliction agreed to cease and desist from use of the CH Plus Mark (the "Contract").  Attached hereto and incorporated herein as **Exhibit 3** is a true and correct copy of the Contract.

27.    In or around October 2009, Chrome Hearts discovered that Affliction had continued to produce, distribute, advertise, offer for sale, and/or sell merchandise bearing marks which are substantially the same and/or confusingly similar to the CH Plus Mark ("Infringing Mark").

## FIRST CLAIM FOR RELIEF
### (Trademark Infringement Under the Lanham Act)

28.    Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

29.    Plaintiff's CH Plus Mark is nationally recognized, including within the Central District of California, as being affixed to goods and merchandise of the highest quality and coming from Plaintiff.

30.    The registrations embodying the CH Plus Mark are in full force and effect and have been used continuously since their respective first dates of use.

31.    Defendant's unauthorized use of Plaintiff's CH Plus Mark in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods and are of the same quality as that assured by the Chrome Hearts Marks.

32.    Defendant's use of the CH Plus Mark is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

33.    Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Plaintiff.

34.    Upon information and belief, Defendant's acts are deliberate and intended to confuse the public as to the source of Defendant's goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with Plaintiff's trademarks.

35.    Defendant's acts violate the Lanham Act.

36.    As a direct and proximate result of Defendant's willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendant is restrained by this Court from infringing Plaintiff's trademarks.

37.    Plaintiff has no adequate remedy at law.

38.    In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the Infringing Mark or any of the Chrome Hearts Marks, and to recover from Defendant all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendant as a result thereof, in an amount not yet known, as well as the costs of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. § 1117(b), and/or statutory damages pursuant to 15 U.S.C § 1117(c).

## SECOND CLAIM FOR RELIEF

### (False Designations of Origin and False Descriptions – 15 U.S.C. § 1125(a))

39.    Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

40.    Defendant's unauthorized use of the CH Plus Mark on their merchandise in interstate commerce and advertising relating to same constitutes false designation of

1  origin and a false representation that the goods are manufactured, offered, sponsored,

2  authorized, licensed by or otherwise connected with Chrome Hearts or come from the

3  same source as Plaintiff's goods when in fact they do not.

4        41.    Defendant's use of the Infringing Mark is without Plaintiff's permission

5  or authority and in total disregard of Plaintiff's rights to control its trademarks.

6        42.    Defendant's activities are likely to lead to and result in confusion, mistake

7  or deception, and are likely to cause the public to believe that Chrome Hearts has

8  produced, sponsored, authorized, licensed or is otherwise connected or affiliated with

9  Defendant's commercial and business activities, all to the detriment of Chrome Hearts.

10       43.    Plaintiff has no adequate remedy at law.

11       44.    In light of the foregoing, Plaintiff is entitled to injunctive relief

12  prohibiting Defendant from using the Infringing Mark or any of the Chrome Hearts

13  Marks, and to recover all damages, including attorneys' fees, that Plaintiff has

14  sustained and will sustain, and all gains, profits and advantages obtained by Defendant

15  as a result of their infringing acts alleged above in an amount not yet known, and the

16  costs of this action.

## THIRD CLAIM FOR RELIEF

### (Trade Dress Infringement – 15 U.S.C. § 1125(a))

19       45.    Plaintiff incorporates herein by reference the averments of the preceding

20  paragraphs as though fully set forth herein.

21       46.    Plaintiff's CH Plus Mark is nonfunctional and its inherently distinctive

22  quality have achieved a high degree of consumer recognition and serve to identify

23  Chrome Hearts as the source of high quality goods.

24       47.    Defendant's use of marks confusingly similar to the CH Plus Mark in the

25  manner implemented by Defendant on their goods imitate the overall look and

26  appearance of Chrome Hearts products such as to cause a likelihood of confusion

27  between Defendant's goods and Plaintiff's goods.

28

48.    Defendant's unauthorized use of Plaintiff's CH Plus Mark on its merchandise in interstate commerce and advertising relating to same constitutes false designation of origin and a false representation that the goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods when in fact they do not.

49.    Defendant's use of Plaintiff's CH Plus Mark is without Plaintiff's permission or authority and in total disregard of Plaintiff's rights to control its trademarks.

50.    Defendant's activities are likely to lead to and result in confusion, mistake or deception, and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized, licensed or is otherwise connected or affiliated with Defendant's commercial and business activities, all to the detriment of Plaintiff.

51.    Plaintiff has no adequate remedy at law.

52.    In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the Infringing Mark or any of the Chrome Hearts Marks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

/ / /

/ / /

## FOURTH CLAIM FOR RELIEF

### (Trademark Dilution – 15 U.S.C. § 1125(c))

53.    Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

54.    Plaintiff's Chrome Hearts Marks, including the CH Plus and Mark, are "famous" within the meaning of Lanham Act.

55.     Defendant has used in commerce in connection with the sale of its products counterfeit reproductions of Plaintiff's trademarks, which is likely to cause, and most likely has caused, confusion or mistake as to the affiliation, connection, or association between Defendant and Plaintiff, or as to the origin, sponsorship, or approval of said counterfeit goods by Plaintiff.

56.     Defendant's acts described above have diluted and continue to dilute Plaintiff's unique and distinctive trademarks.  These acts violate the Lanham Act, have injured and, unless immediately restrained, will continue to injure Plaintiff, causing damage to Plaintiff in an amount to be determined at trial, as well as irreparable injury to Plaintiff's goodwill and reputation associated with the value of Plaintiff's trademarks.

57.     Upon information and belief, Defendant's unlawful actions began long after Plaintiff's CH Plus Mark became famous.

58.     Upon information and belief, Defendant acted knowingly, deliberately and willfully with the intent to trade on Plaintiff's reputation and to dilute Plaintiff's CH Plus Mark.  Defendant's conduct is willful, wanton and egregious.

59.     Plaintiff has no adequate remedy at law to compensate it fully for the damages that have been caused and which will continue to be caused by Defendant's unlawful acts, unless they are enjoined by this Court.

60.     In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendant from using the Infringing Mark and all Chrome Hearts Marks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendant as a result of their infringing acts alleged above in an amount not yet known, and the costs of this action.

## FIFTH CLAIM FOR RELIEF

### (Violation of Cal. Bus & Prof. Code § 14247)

61.    Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

62.    The Chrome Hearts Marks, including the CH Plus Mark, are distinctive marks in the State of California by virtue of their substantial inherent and acquired distinctiveness, extensive use in the State of California and the extensive advertising and wide spread publicity of the marks in the State of California.

63.    As a result of the substantial inherent and acquired distinctiveness, extensive use in the State of California, and the extensive advertising and publicity of the Chrome Hearts Marks in the State of California, they have become strong and are widely renown.

64.    The actions of Defendant complained of herein are likely to injure the business reputation and dilute the distinctive quality of the Chrome Hearts Marks, which are famous.

65.    The foregoing acts of Defendant constitute dilution and injury to business reputation in violation of Section 14247 of the California Business and Professions Code.

66.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Chrome Hearts in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Chrome Hearts and as such supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendant and to deter them from similar such conduct in the future.

67.    By reason of the foregoing, Plaintiff is being damaged by Defendant's use of the CH Plus Mark in the manner set forth above and will continue to be damaged unless Defendant is immediately enjoined under Sections 14247 and 14250 of the California Business and Professions Code from using any of the Chrome Hearts Marks.

68.    Chrome Hearts will be irreparably injured by the continued acts of Defendant, unless such acts are enjoined.

69.    Plaintiff has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF

#### (Copyright Infringement – 17 U.S.C. § 501)

70.    Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

71.    As the owner of copyright registration for the CH Plus Mark (U.S. Copyright Reg. No. VA 705-233), Plaintiff Chrome Hearts is entitled to exclusive use of the CH Plus Mark without the unauthorized use by third parties.

72.    Given the widespread popularity of the CH Plus Mark, Defendant had access to the work and upon information and belief Defendant has knowingly infringed upon it by manufacturing, distributing and selling products bearing marks which are substantially similar to the CH Plus Mark, in violation of 17 U.S.C. § 501.

73.    Upon information and belief, Defendant has intentionally, knowingly and willfully copied Chrome Hearts' CH Plus Mark to benefit from the widespread customer recognition and acceptance of the CH Plus Mark and to capitalize upon the market created by Plaintiff Chrome Hearts for its designs.

74.    Upon information and belief, the aforesaid infringement by Defendant of Plaintiff Chrome Hearts' CH Plus Mark was and continues to be with the knowledge that such design is copyrighted and the Defendant, in doing the acts complained of herein, have willfully infringed upon Chrome Hearts' rights under the Copyright Laws of the United States, Title 17 U.S.C. § 101, et seq.

75.    Defendant's infringement of Chrome Hearts' CH Plus Mark is to the great and irreparable damage of Plaintiff, and Plaintiff is informed and believes, as indicated, that Defendant will continue such infringement unless enjoined by this Court.

76.    Plaintiff has no adequate remedy at law.

77.    Plaintiff has suffered loss of profits and other damage, and Defendant has earned illegal profits, in an amount to be proven at trial, as the result of the aforesaid acts of Defendant.

## SEVENTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

78.    Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

79.    Plaintiff owns and enjoys common law trademark rights in California and throughout the United States.

80.    Defendant's unlawful acts in appropriating rights in Plaintiff's common law trademarks were intended to capitalize on Plaintiff's goodwill for Defendant's own pecuniary gain.  Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for itself and its family of Marks.  As a result of Plaintiff's efforts, Defendant is now unjustly enriched and is benefiting from property rights that rightfully belong to Plaintiff.

81.    Defendant's unauthorized use of Plaintiff's Chrome Hearts Marks and Copyrighted Designs have caused and is likely to cause confusion as to the source of Defendant's clothing, all to the detriment of Plaintiff.

82.    Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

83.    Defendant's acts constitute unfair competition under California common law.

84.    Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless Defendant is permanently enjoined from its unlawful conduct.

85.    The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights.  Said conduct was despicable and harmful to Plaintiff and as such supports an award of exemplary

1  and punitive damages in an amount sufficient to punish and make an example of the

2  Defendant and to deter them from similar such conduct in the future.

3      86.    Plaintiff has no adequate remedy at law.

4      87.    In light of the foregoing, Plaintiff is entitled to injunctive relief

5  prohibiting Defendant from using Plaintiff's Chrome Hearts Marks and copyrighted

6  works, and to recover all damages, including attorneys' fees, that Plaintiff has

7  sustained and will sustain and all gains, profits and advantages obtained by Defendant

8  as a result of their infringing acts alleged above in an amount not yet known, and the

9  costs of this action.

10            **EIGHTH CLAIM FOR RELIEF**

11             **(Breach of Contract)**

12      88.    Plaintiff incorporates herein by reference the averments of the preceding

13  paragraphs as though fully set forth herein.

14      89.    In or around March 2009, Chrome Hearts discovered that Affliction had

15  been distributing and selling headwear bearing marks confusingly similar to the CH

16  Plus Mark ("Infringing Hats")

17      90.    Chrome Hearts and Affliction entered into an agreement in which Chrome

18  Hearts agreed to release all claims of infringement against Affliction based upon the

19  sale of Infringing Hats in consideration for Affliction's agreement "to cease and desist

20  from further distribution and sale of the Allegedly Infringing Hats or any products

21  knowingly in violation of Chrome Hearts' intellectual property rights." (See Exhibit 3)

22      91.    Pursuant to the Contract, Chrome Hearts did not institute an action against

23  Affliction for sale of the Infringing Hats.

24      92.    In or around October 2009, Chrome Hearts discovered that Affliction had

25  continued to produce, distribute, advertise, offer for sale, and/or sell merchandise

26  bearing marks which are substantially the same and/or confusingly similar to the CH

27  Plus Mark.

28

93.    By continuing to sell merchandise bearing marks which infringe upon the CH Plus Mark, Affliction has materially breached the Contract.

94.    By way of the foregoing conduct, Plaintiff has been damaged by loss of past, present, and future earnings and benefits, in a sum not presently ascertainable but which is in excess of the jurisdictional minimum of this Court, and which will be proven at the time of trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Chrome Hearts, LLC respectfully prays that this Court enter judgment in its favor and against Defendant Affliction, Inc. as follows:

A.    Granting temporary, preliminary and permanent injunctive relief restraining Defendant, its agents, servants, employees, officers, associates, attorneys, and all persons acting by, through, or in concert with any of them, from:

(1)    Using the Infringing Mark;

(2)    Using any of the Chrome Hearts Marks, including the CH Plus Mark, or any other designs which are identical and/or confusingly similar to that of Plaintiff's Chrome Hearts Marks;

(3)    Using any of designs which are substantially similar to that of Chrome Hearts' copyrighted works;

(4)    Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendant is licensed by, authorized by, offered by, produced by, sponsored by, or in any other way associated with Chrome Hearts;

(5)    Otherwise infringing upon Plaintiff's registered and common law family of marks;

(6)    Otherwise diluting Plaintiff's family of marks; and

(7)    Unfairly competing with Chrome Hearts.

1      B.      Awarding to Plaintiff all actual, consequential and incidental financial

2  losses, including but not limited to loss of earnings, as a result of Defendant's breach

3  of the Contract;

4      C.      Ordering an accounting by Defendant of all gains, profits and advantages

5  derived from their wrongful acts;

6      D.      Ordering Defendant to disgorge its profits;

7      E.      Awarding Plaintiff all of Defendant's profits and all damages sustained by

8  Plaintiff as a result of Defendant's wrongful acts, and such other compensatory

9  damages as the Court determines to be fair and appropriate pursuant to 15 U.S.C.

10  § 1117(a) and 17 U.S.C. § 504(b).

11      F.      Awarding treble damages in the amount of Defendant's profits or

12  Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15

13  U.S.C. § 1117(b);

14      G.      Awarding applicable interest, costs, disbursements and attorneys' fees,

15  pursuant to 15 U.S.C. § 1117(b) and 17 U.S.C. § 505;

16      H.      Awarding Plaintiff statutory damages pursuant to 15 U.S.C. §1117(c) and

17  17 U.S.C. § 504(c);

18      I.      Awarding Plaintiff such other and further relief as the Court deems just

19  and proper.

20

21  Dated:  October 16, 2009               BLAKELY LAW GROUP

22

23                                      By: _____

24                                           Brent H. Blakely
                                             Cindy Chan
25                                           *Attorneys for Plaintiff*
                                             *Chrome Hearts, LLC*

26

27

28

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury as to all claims in this litigation.

Dated:  October 16, 2009                    BLAKELY LAW GROUP


By: _____
Brent H. Blakely
Cindy Chan
*Attorneys for Plaintiff*
*Chrome Hearts, LLC*

Int. Cl.: 25

Prior U.S. Cls.: 22 and 39

**United States Patent and Trademark Office**

Reg. No. 3,388,911

Registered Feb. 26, 2008

## TRADEMARK
### PRINCIPAL REGISTER



CHROME HEARTS LLC (DELAWARE LTD LIAB CO)
915 N. MANSFIELD
HOLLYWOOD, CA 90038

FOR: CLOTHING, NAMELY, TEE SHIRTS, SHIRTS, TANK TOPS, SWEATSHIRTS, SWEAT PANTS, SWEATERS AND HATS, IN CLASS 25 (U.S. CLS. 22 AND 39).

FIRST USE 1-2-1988; IN COMMERCE 1-2-1988.

SER. NO. 78-825,591, FILED 2-28-2006.

KELLY CHOE, EXAMINING ATTORNEY

EXHIBIT 1

Int. Cl.: 35

Prior U.S. Cls.: 100, 101 and 102

## United States Patent and Trademark Office

Reg. No. 3,365,408
Registered Jan. 8, 2008

### SERVICE MARK
### PRINCIPAL REGISTER



CHROME HEARTS LLC (DELAWARE LTD LIAB CO)
915 N. MANSFIELD
HOLLYWOOD, CA 90038

FOR: RETAIL STORE SERVICES IN THE FIELD OF JEWELRY, CLOTHING, HANDBAGS, EYE-WEAR, HOME FURNISHINGS, BED LINEN AND TOYS, IN CLASS 35 (U.S. CLS. 100, 101 AND 102).

FIRST USE 1-3-1993; IN COMMERCE 1-3-1993.

OWNER OF U.S. REG. NOS. 2,408,082 AND 2,962,976.

THE MARK CONSISTS OF A FANCY AND STYLIZED PLUS DESIGN.

SER. NO. 77-175,407, FILED 5-8-2007.

DAWN HAN, EXAMINING ATTORNEY

Int. Cl.: 14

Prior U.S. Cls.: 2, 27, 28 and 50

Reg. No. 3,385,449

## United States Patent and Trademark Office

Registered Feb. 19, 2008

## TRADEMARK
### PRINCIPAL REGISTER



CHROME HEARTS LLC (DELAWARE LTD LIAB CO)
915 N. MANSFIELD
HOLLYWOOD, CA 90038

FOR: JEWELRY, NAMELY, BRACELETS, RINGS, WATCH BANDS, NECKLACES AND LIGHTERS MADE OF PRECIOUS METALS, IN CLASS 14 (U.S. CLS. 2, 27, 28 AND 50).

FIRST USE 1-3-1988; IN COMMERCE 1-3-1988.

SER. NO. 78-833,228, FILED 3-9-2006.

KELLY CHOE, EXAMINING ATTORNEY



This Certificate issued under the seal of the Copyright Office in accordance with title 17, United States Code, attests that registration has been made for the work identified below. The information on this certificate has been made a part of the Copyright Office records.

*Marybeth Peters*

**REGISTER OF COPYRIGHTS**
*United States of America*



**FORM VA**
For a Work of the Visual Arts
UNITED STATES COPYRIGHT OFFICE

**VA 705-233**

EFFECTIVE DATE OF REGISTRATION

MAR 28 1995
Month    Day    Year

---

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**1** TITLE OF THIS WORK ▼

Cross # 4

NATURE OF THIS WORK ▼ See instructions

JEWELRY DESIGN

PREVIOUS OR ALTERNATIVE TITLES ▼

PUBLICATION AS A CONTRIBUTION If this work was published as a contribution to a periodical, serial, or collection, give information about the collective work in which the contribution appeared.    Title of Collective Work ▼

If published in a periodical or serial give:  Volume ▼    Number ▼    Issue Date ▼    On Pages ▼

---

**2 a** NAME OF AUTHOR ▼

CHROME HEARTS, INC.

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☒ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶ U.S.A.
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NOTE

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture     ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork       ☐ Photograph       ☐ Text
☐ Reproduction of work of art ☒ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

**b** NAME OF AUTHOR ▼

DATES OF BIRTH AND DEATH
Year Born ▼    Year Died ▼

Was this contribution to the work a "work made for hire"?
☐ Yes
☐ No

AUTHOR'S NATIONALITY OR DOMICILE
Name of Country
OR { Citizen of ▶
Domiciled in ▶

WAS THIS AUTHOR'S CONTRIBUTION TO THE WORK
Anonymous?  ☐ Yes  ☐ No
Pseudonymous?  ☐ Yes  ☐ No
If the answer to either of these questions is "Yes," see detailed instructions.

NATURE OF AUTHORSHIP Check appropriate box(es). See instructions
☐ 3-Dimensional sculpture     ☐ Map              ☐ Technical drawing
☐ 2-Dimensional artwork       ☐ Photograph       ☐ Text
☐ Reproduction of work of art ☐ Jewelry design   ☐ Architectural work
☐ Design on sheetlike material

---

**3 a** YEAR IN WHICH CREATION OF THIS WORK WAS COMPLETED  This information must be given in all cases.
1990

**b** DATE AND NATION OF FIRST PUBLICATION OF THIS PARTICULAR WORK
Complete this information ONLY if this work has been published.
Month November  Day 7  Year 1990    Nation U.S.A.

---

**4** COPYRIGHT CLAIMANT(S) Name and address must be given even if the claimant is the same as the author given in space 2. ▼

CHROME HEARTS, INC.
937 North Citrus Avenue
Hollywood, California 90038

APPLICATION RECEIVED
MAR 28 1995
ONE DEPOSIT RECEIVED
MAR 28 1995
TWO DEPOSITS RECEIVED

REMITTANCE NUMBER AND DATE

TRANSFER If the claimant(s) named here in space 4 is (are) different from the author(s) named in space 2, give a brief statement of how the claimant(s) obtained ownership of the copyright. ▼

DO NOT WRITE HERE
OFFICE USE ONLY

---

MORE ON BACK ▶  • Complete all applicable spaces (numbers 5-9) on the reverse side of this page.
• See detailed instructions.     • Sign the form at line 8.

DO NOT WRITE HERE
Page 1 of ___ pages



EXHIBIT 2

FORM VA

| | |
|---|---|
| EXAMINED BY | M |
| CHECKED BY | |
| ☐ CORRESPONDENCE Yes | FOR COPYRIGHT OFFICE USE ONLY |

DO NOT WRITE ABOVE THIS LINE. IF YOU NEED MORE SPACE, USE A SEPARATE CONTINUATION SHEET.

**PREVIOUS REGISTRATION** Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?

☐ Yes  X No  If your answer is "Yes," why is another registration being sought? (Check appropriate box) ▼

a. ☐ This is the first published edition of a work previously registered in unpublished form.

b. ☐ This is the first application submitted by this author as copyright claimant.

c. ☐ This is a changed version of the work, as shown by space 6 on this application.

If your answer is "Yes," give: Previous Registration Number ▼          Year of Registration ▼

**5**

**DERIVATIVE WORK OR COMPILATION** Complete both space 6a and 6b for a derivative work; complete only 6b for a compilation.

a. Preexisting Material Identify any preexisting work or works that this work is based on or incorporates. ▼

b. Material Added to This Work Give a brief, general statement of the material that has been added to this work and in which copyright is claimed. ▼

**6**

See instructions before completing this space.

**DEPOSIT ACCOUNT** If the registration fee is to be charged to a Deposit Account established in the Copyright Office, give name and number of Account.

Name ▼   ROBBINS, BERLINER & CARSON          Account Number ▼   DA 026964

**7**

**CORRESPONDENCE** Give name and address to which correspondence about this application should be sent.   Name/Address/Apt/City/State/ZIP ▼

John P. Spitals
c/o ROBBINS, BERLINER & CARSON
201 N. Figueroa Street, 5th Floor
Los Angeles, California 90012-2628

Area Code and Telephone Number ▶ (213) 977-1001

Be sure to give your daytime phone number

**CERTIFICATION*** I, the undersigned, hereby certify that I am the

Check only one ▼

☐ author

☐ other copyright claimant

☐ owner of exclusive right(s)

X authorized agent of   CHROME HEARTS, INC.
Name of author or other copyright claimant, or owner of exclusive right(s) ▲

of the work identified in this application and that the statements made by me in this application are correct to the best of my knowledge.

**8**

Typed or printed name and date ▼ If this application gives a date of publication in space 3, do not sign and submit it before that date.

John P. Spitals                    date ▶ March 27, 1995

Handwritten signature (X)

**MAIL CERTIFICATE TO**

Name   John P. Spitals, c/o   ROBBINS, BERLINER & CARSON

Number/Street/Apartment Number ▼
201 N. Figueroa Street, 5th Floor

City/State/ZIP ▼
Los Angeles, California 90012-2628

Certificate will be mailed in window envelope

**YOU MUST:**
· Complete all necessary spaces
· Sign your application in space 8

**SEND ALL 3 ELEMENTS IN THE SAME PACKAGE:**
1. Application form
2. Nonrefundable $20 filing fee in check or money order payable to Register of Copyrights
3. Deposit material

**MAIL TO:**
Register of Copyrights
Library of Congress
Washington, D.C. 20559

**9**

The Copyright Office has the authority to readjust fees at 5-year intervals, based on changes in the Consumer Price Index. The next adjustment is due in 1996. Please contact the Copyright Office after July 1995 to determine the actual fee schedule.

*17 U.S.C. § 506(e): Any person who knowingly makes a false representation of a material fact in the application for copyright registration provided for by section 409, or in any written statement filed in connection with the application, shall be fined not more than $2,500.

February 1993—100,000

U.S. GOVERNMENT PRINTING OFFICE: 1993: 581-66-501

**22**



Celtic Chain
Necklace

#4 Cross Button

Celtic
Pendant

Celtic
Button

Floral
Cross

## NON-LITIGATION SETTLEMENT AGREEMENT

AGREEMENT made and entered into this __ day of March, 2009, in duplicate originals, by and between, on the one hand, **Chrome Hearts LLC** (hereinafter referred to as "Chrome Hearts"), and on the other hand, **Affliction, Inc.** (hereinafter collectively referred to as "Affliction") having an office and place of business at 7811 Melrose Avenue, Los Angeles, California 90046.

### W I T N E S S E T H:

**WHEREAS,** Chrome Hearts has alleged that Affliction is distributing and selling headwear bearing counterfeits of its registered **PLUS Design** trademark; and,

**WHEREAS,** Chrome Hearts has alleged that Affliction's infringing sales activities constitute trademark infringement under 15 U.S.C. § 1114 and unfair competition under 15 U.S.C. §1125(a); and,

**WHEREAS,** Affliction does not admit any wrongdoing; and,

**WHEREAS,** the parties desire to settle the controversy between them without the commencement of formal litigation.

**NOW, THEREFORE,** in consideration of the mutual covenants and considerations herein set forth, the parties agree as follows:

1. Affliction warrants and represents that:

(a) It had manufactured on its behalf by Cali Fame Headwear Manufacturing, 20934 So. Santa Fe Avenue, Carson, California, a total of 1,055 hats which Chrome Hearts alleges infringement of its registered **PLUS Design** trademark (hereinafter the "Allegedly Infringing Hats");

(b) It distributed and sold 995 of the Allegedly Infringing Hats at $19 each;

1


EXHIBIT 3

(c) It has 100 remaining pieces of the Allegedly Infringing Hats in inventory, which it will destroy immediately;

(d) Simultaneously with the execution of this Agreement, an authorized officer of Affliction will provide counsel for Chrome Hearts with a notarized letter affirming the destruction of the 100 pieces of Counterfeit Hats remaining in inventory; and,

(e) It is no longer distributing or selling the Allegedly Infringing Hats or any items which may infringe Chrome Hearts' registered trademarks or any of its copyrighted designs.

2.   In full settlement of any claims for lost profits, damages, costs and attorneys' fees, which Chrome Hearts may have been able to claim against Affliction, Affliction will pay Chrome Hearts $4,500.00 upon execution hereof.

3.   Affliction hereby consents to cease and desist from any further distribution and sale of the Allegedly Infringing Hats or any products knowingly in violation of any of Chrome Hearts' intellectual property rights.

4. In the event that Affliction substantively breaches this Settlement Agreement, the release given by Chrome Hearts in paragraph 5 of this Settlement Agreement shall be automatically vacated and Chrome Hearts shall be entitled to commence an action for trademark infringement and unfair competition to collect all of Affliction's profits, Chrome Hearts' damages and any other monetary award to which it may be entitled as a matter of law with respect to the Allegedly Infringing Hats, heretofore or hereafter distributed and sold by Affliction, offset by any amounts paid herein. In such event, the prevailing party in the action shall be entitled to recover all costs and expenses, including attorneys' fees.

5.   Based on the accuracy of the warranties and representations made by Affliction herein, and in consideration of the full and faithful performance of all the terms and conditions of

this Settlement Agreement, Chrome Hearts hereby releases Affliction, its officers, agents, directors, shareholders and employees from any and all claims which could have been made based upon the sale of the Counterfeit Hats, provided, however, that, in the event of a breach of this Settlement Agreement, this release shall become subject to the breach provisions in paragraph 4 herein and Chrome Hearts shall have the right to pursue its claims for damages incident to the commencement of litigation in accordance with paragraph 4 hereof. Affliction hereby releases Chrome Hearts, its officers, agents, directors, shareholders, attorneys and employees from any and all claims or possible claims or future claims which could have been made or asserted against it in response to the claims made by Chrome Hearts.

6. This Settlement Agreement represents the entire agreement between the parties. No waiver, amendment or modification of this Settlement Agreement shall be effective unless in writing and signed by the party against whom the waiver, amendment or modification is sought to be enforced. No failure or delay by either party in exercising any right, power or remedy under this Settlement Agreement shall operate as a waiver of the right, power or default of this Settlement Agreement or shall be construed as a waiver of any other term, condition or default.

7. This Settlement Agreement shall be binding upon the parties and their respective successors and assigns.

8. This Settlement Agreement is to be deemed to have been drafted jointly by the parties. Any uncertainty or ambiguity shall not be construed for or against either party based on attribution of drafting by either party.

9. This Settlement Agreement shall be governed by and construed in accordance with the laws of the State of New York.

**CHROME HEARTS LLC**

By: _____
Title: _CFO_

Dated: ~~March~~ April 13, 2009

**AFFLICTION, INC.**

By: _____
Title:    Secretary

Dated:March 26, 2009

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge A. Howard Matz and the assigned discovery Magistrate Judge is Andrew J. Wistrich.

The case number on all documents filed with the Court should read as follows:

## CV09- 7780 AHM (AJWx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=============================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] Western Division | [_] Southern Division | [_] Eastern Division |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

Brent H. Blakely (SBN 157292)
Cindy Chan (SBN 247495)
BLAKELY LAW GROUP
915 North Citrus Avenue
Hollywood, California 90038
Attorneys for Plaintiff Chrome Hearts, LLC

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| CHROME HEARTS, LLC, a Delaware Limited Liability Company,<br><br>PLAINTIFF(S)<br><br>v.<br><br>AFFLICTION, INC., a California Corporation; and DOES 1-10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>**CV09-7780**<br><br><br>**SUMMONS** |
|---|---|

TO:  DEFENDANT(S): AFFLICTION, INC.

A lawsuit has been filed against you.

Within __20__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, Brent H. Blakely, Esq._____, whose address is BLAKELY LAW GROUP 915 North Citrus Avenue, Hollywood, CA 90038_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: _____OCT 2 6 2009_____

By: _____NATALIE LONGORIA_____
Deputy Clerk

*(Seal of the Court)*

1198

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States.  Allowed 60 days by Rule 12(a)(3)].*

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself □) | DEFENDANTS |
|---|---|
| CHROME HEARTS, LLC | AFFLICTION, INC. |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Blakely Law Group<br>915 North Citrus Avenue<br>Hollywood, California 90038; (323) 464-7400 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

- □ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- □ 2 U.S. Government Defendant
- □ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | □ 1 | □ 1 | Incorporated or Principal Place of Business in this State | □ 4 | □ 4 |
| Citizen of Another State | □ 2 | □ 2 | Incorporated and Principal Place of Business in Another State | □ 5 | □ 5 |
| Citizen or Subject of a Foreign Country | □ 3 | □ 3 | Foreign Nation | □ 6 | □ 6 |

**IV. ORIGIN** (Place an X in one box only.)

- ☑ 1 Original Proceeding
- □ 2 Removed from State Court
- □ 3 Remanded from Appellate Court
- □ 4 Reinstated or Reopened
- □ 5 Transferred from another district (specify):
- □ 6 Multi-District Litigation
- □ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes □ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** □ Yes ☑ No    ☑ MONEY DEMANDED IN COMPLAINT: $ 100,000+

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Lanham Act (15 USC 1114; 15 USC 1125) and Copyright Act (17 USC 501, et. seq.)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| □ 400 State Reapportionment | □ 110 Insurance | □ 310 Airplane | □ 370 Other Fraud | □ 510 Motions to Vacate Sentence Habeas Corpus | □ 710 Fair Labor Standards Act |
| □ 410 Antitrust | □ 120 Marine | □ 315 Airplane Product Liability | □ 371 Truth in Lending | | □ 720 Labor/Mgmt. Relations |
| □ 430 Banks and Banking | □ 130 Miller Act | □ 320 Assault, Libel & Slander | □ 380 Other Personal Property Damage | □ 530 General | □ 730 Labor/Mgmt. Reporting & Disclosure Act |
| □ 450 Commerce/ICC Rates/etc. | □ 140 Negotiable Instrument | □ 330 Fed. Employers' Liability | □ 385 Property Damage Product Liability | □ 535 Death Penalty | |
| □ 460 Deportation | □ 150 Recovery of Overpayment & Enforcement of Judgment | □ 340 Marine | BANKRUPTCY | □ 540 Mandamus/ Other | □ 740 Railway Labor Act |
| □ 470 Racketeer Influenced and Corrupt Organizations | | □ 345 Marine Product Liability | □ 422 Appeal 28 USC 158 | □ 550 Civil Rights | □ 790 Other Labor Litigation |
| □ 480 Consumer Credit | □ 151 Medicare Act | □ 350 Motor Vehicle | □ 423 Withdrawal 28 USC 157 | □ 555 Prison Condition | □ 791 Empl. Ret. Inc. Security Act |
| □ 490 Cable/Sat TV | □ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | □ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| □ 810 Selective Service | | □ 360 Other Personal Injury | □ 441 Voting | □ 610 Agriculture | □ 820 Copyrights |
| □ 850 Securities/Commodities/ Exchange | □ 153 Recovery of Overpayment of Veteran's Benefits | □ 362 Personal Injury-Med Malpractice | □ 442 Employment | □ 620 Other Food & Drug | □ 830 Patent |
| □ 875 Customer Challenge 12 USC 3410 | □ 160 Stockholders' Suits | □ 365 Personal Injury-Product Liability | □ 443 Housing/Acco-mmodations | □ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| □ 890 Other Statutory Actions | □ 190 Other Contract | □ 368 Asbestos Personal Injury Product Liability | □ 444 Welfare | | SOCIAL SECURITY |
| □ 891 Agricultural Act | □ 195 Contract Product Liability | | □ 445 American with Disabilities Employment | □ 630 Liquor Laws | □ 861 HIA (1395ff) |
| □ 892 Economic Stabilization Act | □ 196 Franchise | REAL PROPERTY | | □ 640 R.R. & Truck | □ 862 Black Lung (923) |
| □ 893 Environmental Matters | REAL PROPERTY | □ 210 Land Condemnation | □ 446 American with Disabilities Other | □ 650 Airline Regs | □ 863 DIWC/DIWW (405(g)) |
| □ 894 Energy Allocation Act | □ 210 Land Condemnation | □ 220 Foreclosure | □ 440 Other Civil Rights | □ 660 Occupational Safety /Health | □ 864 SSID Title XVI |
| □ 895 Freedom of Info. Act | □ 220 Foreclosure | □ 230 Rent Lease & Ejectment | IMMIGRATION | □ 690 Other | □ 865 RSI (405(g)) |
| □ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | □ 230 Rent Lease & Ejectment | □ 240 Torts to Land | □ 462 Naturalization Application | | FEDERAL TAX SUITS |
| □ 950 Constitutionality of State Statutes | □ 240 Torts to Land | □ 245 Tort Product Liability | □ 463 Habeas Corpus-Alien Detainee | | □ 870 Taxes (U.S. Plaintiff or Defendant) |
| | □ 245 Tort Product Liability | □ 290 All Other Real Property | □ 465 Other Immigration Actions | | □ 871 IRS-Third Party 26 USC 7609 |
| | □ 290 All Other Real Property | | | | |

**FOR OFFICE USE ONLY:**    Case Number:    CV09-7780

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

VIII(a). **IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

VIII(b). **RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

IX. **VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, California | |

* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____    Date October 16, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |